*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BREYANKA DEAN,

        Plaintiff-Appellant,

v

CRAIG HUNTER, JR.,

        Defendant-Appellee.

UNPUBLISHED
March 18, 2026
1:32 PM

No. 376734
Macomb Circuit Court
Family Division
LC No. 2022-000602-DP

Before: FEENEY, P.J., and GARRETT and BAZZI, JJ.

FEENEY, P.J. (*concurring*).

I believe that errors may have been made in this case, but without the proper transcripts from the April 7, 2025 hearing, I am compelled to concur.

Both parties represented themselves. Both parties filed numerous motions in the trial court and this Court throughout the history of this case. On March 26, 2025, plaintiff filed an emergency motion to suspend defendant's parenting time, and defendant filed an emergency motion to change custody; defendant's motion was originally set for April 14, 2025, but it was ultimately combined with plaintiff's motion hearing already set for April 7, 2025. The April 7, 2025 recommended order states that the Friend of the Court (FOC) referee held a hearing on April 7, 2025, took testimony, and made findings regarding the statutory best interest factors set forth in MCL 722.23.[1] The order is silent, however, on whether the referee determined that an established custodial environment existed with either parent and the resulting standard of review that it applied to its review of the best-interest factors under MCL 722.23. See *Sabatine v Sabatine,* 513 Mich 276, 285-286; 15 NW3d 204 (2024). On April 7, 2025, the referee recommended, and the trial court agreed by signing the recommended order the same day that it was issued, that defendant's emergency motion regarding custody should be granted.

---

[1] The majority opinion quotes a portion of the FOC referee's findings contained in the April 7, 2025 recommended order.

Two things occurred that we do not know but are critical to the analysis in this case: first, did the FOC referee make any findings at that hearing regarding young BD's established custodial environment; and second, what were the FOC referee's findings regarding the twelve best-interest standards and the standard of review it applied? Unfortunately, no one ordered the transcript of the April 7, 2025 hearing, and plaintiff did not appeal that order, which became final when the parties failed to appear at the May 5, 2025 hearing on her objections to it. When asked about what happened at that April 7, 2025 hearing, however, plaintiff and defendant provided different accounts. So, without the record, we cannot determine whether the trial court erred by changing custody from plaintiff—who had sole legal and physical custody of the child—to defendant on an interim or emergency basis, or whether the FOC referee relied on the trial court's March 10, 2025 order regarding the motion to enforce parenting time as the basis for changing custody.[2]

Without the April 7, 2025 transcript, I cannot determine whether the FOC referee and the trial court erred in their initial or ultimate decision to grant defendant sole legal and physical custody. Accordingly, I must concur in the result reached by the majority.

/s/ Kathleen A. Feeney

---

[2] In relevant part, the March 10, 2025 order stated, "If the plaintiff fails to release the minor child to the defendant for his court ordered parenting time custody will be changed with defendant having custody of the minor child."